HARDY, Judge.
This is a suit by husband and wife for the recovery of damages resulting from an automobile collision, and plaintiffs appeal from judgment rejecting their demands.
The accident occurred about 11:00 o’clock, A.M. on March 29, 1965, in the intersection of Abbie Street and Allen Avenue in Shreveport, Louisiana. The community automobile being driven by plaintiff wife west on Abbie Street collided with a truck owned by defendant, Strickland Transportation Co., Inc., insured by defendant, Transport Insurance Company, which was being driven south on Allen Avenue by Strickland’s employee, Quincy W. Foster. At the time of the accident the streets were wet from a drizzling rain. The point of impact between the left front of the Strickland truck and the right front of plaintiffs’ *474 Pontiac automobile was placed in the southbound lane of Allen Avenue at a point some three to five feet west of the center line.
The only eye witnesses to the accident were the drivers of the two vehicles, whose versions of the occurrence differ in several material aspects. Other testimony as to the physical circumstances was given by one of the investigating police officers who reached the scene of the accident shortly after its occurrence.
Allen Avenue, 42.7 feet in width, is designated as a right-of-way street and traffic approaching the intersection on Abbie Street, which is 29.3 feet wide, is required to come to a stop. The testimony of plaintiff wife is that she brought her vehicle to a stop, made observation for approaching traffic on Allen Avenue, noted the Strickland truck moving south on Allen at a point approximately 300 feet to the north, concluded that she had time to negotiate the intersection ahead of the passage of the truck, and, without making further observation, attempted to cross the intersection and was struck as her car had moved into the western half of Allen Avenue. The testimony of the truck driver, Foster, was that he noticed the approach of plaintiff’s automobile at a point when he was approximately 150 feet from the intersection, at which time he removed his foot from the accelerator of the truck; upon observing plaintiff’s car proceeding into the intersection without stopping, he applied the brakes and swerved to the right in an unsuccessful attempt to avoid the collision. The testimony of the investigating officer fixed the point of impact as approximately two or three feet west of the center line of Allen Avenue. The police report of the accident, which was admitted in evidence, includes the gist of statements by the two drivers made at the time as follows:
“Driver of Pontiac stated she stopped on Abbie at Allen and then attempted to cross Allen when truck hit her auto. States she is not sure from which direction the truck came but believes truck came from behind her and was attempting to pass when accident happened.”
******
“Driver of truck stated he was southbound on Allen when Pontiac, which was traveling west on Abbie, entered Allen without stopping. He stated driver of Pontiac was looking ‘the other way’ and did not look in his direction.”
Our examination of the record fails to disclose any evidence of negligence on the part of Foster, the driver of the truck. The only testimony as to the speed of his vehicle is that he was well within the legal limit. Nor is there any evidence as to failure to keep a proper lookout or to keep his vehicle under control.
On the basis of her own testimony it is clear that plaintiff wife was guilty of negligence in attempting to cross the intersection in the path of the approaching truck without keeping such vehicle under observation.
Before this Court counsel for plaintiffs argues that plaintiff wife had preempted the intersection and it was therefore the obligation of the driver of the approaching truck to yield the right-of-way. This position is not meritorious. It is not sufficient merely to enter the intersection but this action must be dependent upon the reasonable judgment of the .driver, based upon observation of existing conditions, that the intersection can be traversed in safety without interference with or danger from traffic; Tresche v. Callaway (La.App., 4th Cir., 1962), 147 So.2d 255, and numerous cases cited therein. Although plaintiff wife testified in this case that she thought she could safely cross the intersection ahead of the approaching truck, the facts establish that this expectation was not only erroneous but unreasonable. According to her own testimony this plaintiff was unable to estimate the speed of the approaching truck and she made no attempt to keep the vehicle under observation.
*475 We think it is clear that the negligence of plaintiff wife was thé .sole and proximate cause of the accident. ■ Counsel for plaintiffs also urges the doctrine of last clear chance. Under the established fácts • the doctrine is not applicable.
After examination of the record we -not • only fail to find error in the judgment appealed from but we fully accord with the written reasons assigned by the district judge as support for his conclusions.
The judgment appealed from is affirmed at appellants’ cost.